# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYES CUEVAS-BARAJAS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.: 1:12-cv-01855-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on November 13, 2012, challenging the sentence imposed in case no. 1:10-cr-00138-LJO by the United States District Court for the Eastern District of California, following Petitioner's March 20, 2011 plea of guilty to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. (Doc. 1). In his written plea agreement, Petitioner expressly agreed to (1) the truth of all of the facts set forth as a factual basis for the charge; (2) that he would not move for a downward departure or reduction of his sentence beyond the four level departure agreed to by the parties in the plea agreement; and (3) that he waived his right to appeal his sentence or to collaterally attack his sentence pursuant to either 28 U.S.C. § § 2255 or 2241. (Doc. 9, case no. 1:10-cr-00138-LJO). Petitioner, who was represented by counsel throughout those

proceedings, was then sentenced to a term of forty-six months. (Doc. 11, case no. 1:10-cr-00138-LJO).

On August 23, 2012, Petitioner filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. (Doc. 14, case no. 1:10-cr-00138-LJO). On August 29, 2012, the District Judge denied Petitioner's § 2255 motion, concluding that the motion was untimely and that Petitioner had already waived his right to relief pursuant to § 2255. (Doc. 15, case no. 1:10-cr-00138-LJO).

Petitioner, in this § 2241 habeas petition, again challenges his sentence, contending that he must proceed via § 2241 because he cannot now file a § 2255 petition, that avenue of relief having already been deemed unavailable by the District Judge. For the reasons set forth below, the Court recommends that the instant habeas petition be dismissed.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of the execution of the sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

The instant petition contains one ground for relief, i.e., a claim of ineffective assistance of counsel for his attorney's failure to address and investigate the bases for Petitioner's sentence "in which prior convictions were used to illegally enhance Petitioner's sentence." (Doc. 1, p. 3). Petitioner contends that the trial court erred by enhancing Petitioner's sentence by sixteen points for a prior conviction that did not fit the criteria for an enhancement under 8 U.S.C. § 1326(b)(2). (Id.). Petitioner argues that the Sixth Amendment requires that any such enhancement be pleaded and proved to a fact-finder beyond a reasonable doubt and that this did not occur in his case. (Id.). Clearly, Petitioner is challenging his sentence. However, the proper vehicle for challenging such a sentencing error is by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not through a habeas corpus petition.

Nevertheless, an exception exists, often referred to either as the "savings clause" or the "escape hatch," wherein a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective).

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under that section is procedurally barred. Aronson v. May, 85 S.Ct. 3, 5, 13 L.Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to

1  show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir.
2  1963).

3       In Ivy v. Pontesso, 328 F.3d 1057, the Ninth Circuit held that the remedy under a § 2255
4  motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally
5  barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-1061.  That is,
6  relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged
7  test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2)
8  [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim."  Id. at 1060.
9  In explaining that standard, the Ninth Circuit stated:

10      In other words, it is not enough that the petitioner is presently barred from raising his claim of
11      innocence by motion under § 2255.  He *must never have had* the opportunity to raise it by motion.

12  Id. (Emphasis supplied).

13       Petitioner has failed to meet either prong of this test.  First, he has not established that § 2255
14  is inadequate or ineffective.  "In determining whether a petitioner had an unobstructed procedural shot
15  to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal
16  court decision."  Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129
17  S.Ct. 254 (2008).  "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did
18  not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the
19  law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."  Id., citing Ivy,
20  328 F.3d at 1060-1061.

21       Here, the Eastern District's denial of his first § 2255 motion, even with that court's finding that
22  the motion was untimely and that Petitioner's right to file such a motion had been waived in the plea
23  agreement, does not render § 2255 inadequate or ineffective.  Aronson, 85 S.Ct. at 5; Lorentsen, 223
24  F.3d at 953; Holland v. Pontesso, 234 F.3d 1277.  The fact that Petitioner presented the claim raised in
25  the instant petition in a prior § 2255 proceeding undercuts any argument that he has never had the
26  opportunity the present his claim, as distinct from simply being foreclosed from raising the claim at
27  this point in time.  Ivy v. Pontesso, 328 F.3d at 1060.

28

Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that, on timeliness grounds, he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d at 1059-1061; Aronson, 85 S.Ct. 3, 5; Lorentsen, 223 F.3d at 953; Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(quoting Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining. See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Here, Petitioner is not asserting his actual innocence of the crime of being a deported alien found within the United States; rather, he is challenging the enhancements made to his sentence. Petitioner, however, must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction".). Such a sentencing challenge as Petitioner raises here does not constitute a

claim of actual innocence for purposes of the "savings clause."  Franks v. Banks, 2011 WL 3477096, *3 (C.D. Cal. July 15, 2011)("While the Ninth Circuit has not directly addressed this issue, every circuit that has done so has concluded that the savings clause embedded in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence.")(citing cases from the Second, Third, Fifth, Sixth, and Seventh Circuits); Gonzalez v. Norwood, 2009 WL 4114607, *2 (C.D.Cal. 2009)(same); Williams v. McGrew, 2012 WL 5964518, * 2 (C.D. Cal. March 13, 2012)(same); Rith v. Rios, 2010 WL 2546052 *2 (E.D. Cal. June 23, 2010)(same); Edwards v. Daniels, 2006 WL 3877525, *7 (D.Or. 2006)("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed.").

For these reasons, the Court concludes that Petitioner has failed to show that he falls within the savings clause of § 2255.[1]

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

---

[1] Because the Court determines that Petitioner cannot proceed pursuant to § 2241 under the savings clause, the Court need not reach the issue of whether the petition must be dismissed because Petitioner has waived his right to collaterally attack his sentence based on the plea agreement in case no. 1:10-cr-00138-001.  The Court does note, however, that because the District Judge in that case made an express finding that Petitioner's waiver of his right to collaterally attack his sentence via either § 2255 or § 2241 was knowing and intelligent, Petitioner would have a difficult task to establish that he is entitled to proceed under § 2241 in this case, even if he fell within the savings clause.  See United States v. Garcia, 2010 WL 2180362, *2 (E.D. Cal. May 28, 2010)(plea agreement in which petitioner knowingly and voluntarily waived right to collaterally attack sentence foreclosed relief under either § 2255 or § 2241).

U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 19, 2012**              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE